UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: National Hockey League Players' Concussion Injury Litigation | MDL No. 14-2551 (SRN/JSM) |
| This Document Relates to All Actions | PRETRIAL ORDER NO. 13 |

---

Charles S. Zimmerman and Brian Gudmundson, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, for Plaintiffs

Stephen G. Grygiel and William Sinclair, Silverman, Thompson, Slutkin & White, LLC, 201 North Charles Street, Suite 2600, Baltimore, Maryland 21201, for Plaintiffs

Jeffrey D. Bores and Bryan L. Bleichner, Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for Plaintiffs

Stuart Davidson and Mark J. Dearman, Robbins, Geller, Rudman & Dowd, LLP, 120 East Palmetto Park Road, Boca Raton, Florida 33432, for Plaintiffs

Lewis A. Remele and Jeffrey D. Klobucar, Bassford Remele, 33 South Sixth Street, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas Demetrio, William T. Gibbs, Corboy & Demetrio, 33 North Dearborn Street, Chicago, Illinois 60602, for Plaintiffs

Brian D. Penny and Mark S. Goldman, Goldman, Scarlato & Penny PC, 101 East Lancaster Avenue, Suite 204, Wayne, Pennsylvania 19087, for Plaintiffs

Vincent J. Esades and James W. Anderson, Heins Mills & Olson, PLC, 310 Clifton Avenue, Minneapolis, Minnesota 55403, for Plaintiffs

David I. Levine, The Levine Law Firm P.C., 1804 Intracoastal Drive, Fort Lauderdale, Florida 33305, for Plaintiffs

Daniel E. Gustafson, Gustafson Gluek, PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, Minnesota 55402, for Plaintiffs

Thomas J. Byrne and Mel Owens, Namanny, Byrne, & Owens, APC, 2 South Pointe Drive, Lake Forest, California 92630, for Plaintiffs

Michael R. Cashman and Richard M. Hagstrom, Zelle Hofmann Voelbel & Mason LLP, 500 South Washington Avenue, Suite 4000, Minneapolis, Minnesota 55415, for Plaintiffs

Daniel J. Connolly, Joseph M. Price, Linda S. Svitak, and Aaron D. Van Oort, Faegre Baker Daniels, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; John H. Beisner and Jessica D. Miller, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, Northwest, Washington, D.C. 20005-2111; Shepard Goldfein, James A. Keyte, Matthew M. Martino, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; James Baumgarten and Adam M. Lupion, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036, for Defendant

_____

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on the Defendant's Motion to Compel [Doc. No. 84] and Defendant's Motion for Leave to File a Reply [Doc. No. 94]. For the reasons set forth herein, Defendant's Motion to Compel is granted in part, denied in part, and denied without prejudice in part. Defendant's Motion for Leave to File a Reply is granted.[1]

## I.     BACKGROUND

Plaintiffs, former professional hockey players, filed various lawsuits throughout the country alleging that the Defendant National Hockey League ("the NHL") failed to warn players of the short and long-term effects of repeated concussions and head trauma.

---

[1] Defendant attached its Reply Memorandum to its motion requesting permission to file a reply, to which Plaintiffs did not object. Moreover, because the parties later submitted supplemental briefing at the Court's request, the parties have had a full opportunity to argue their respective positions. The Court has reviewed all of the submitted materials.

(See R.26(f) Report at 1 [Doc. No. 50].)  Plaintiffs contend that the NHL's actions and inactions resulted in players' increased incidence of, or risk of incidence of, serious brain diseases such as Alzheimer's Disease, dementia, and Parkinson's Disease, and increased the speed and severity of players' mental decline following retirement. (Id.)  In response, the NHL denies the allegations, asserting that it has a strong record of player safety and that the risks associated with playing in the NHL were known to Plaintiffs. (Id. at 1-2.)

In August 2014, the Judicial Panel on Multidistrict Litigation transferred actions in the above-captioned matter to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of nationwide concussion injury litigation involving the NHL. (Transfer Order [Doc. No. 1].)  In October 2014, pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs filed a Master Administrative Long-Form and Class Action Complaint ("Master Complaint") on behalf of six named Plaintiffs (the "Named Plaintiffs"), asserting various claims against Defendant including negligence, fraudulent concealment, failure to warn, and medical monitoring.  (Master Long-Form Compl. ¶¶ 399-454 [Doc. No. 28].)

At the December 18, 2014 status conference in this matter, the Court advised the parties to proceed expeditiously with fact discovery related to class certification as well as merit-based discovery. (See Tr. of 12/18/14 at 48 [Doc. No. 73].)  Within a few days of the status conference, Defendant served its First Set of Interrogatories ("the interrogatories") on Plaintiffs.  (Def.'s First Set of Interrogs., Ex. 2 to Def.'s Mot. to Compel [Doc. No. 88-2].)  Specifically, Defendant served the interrogatories on all

Plaintiffs named in any complaint that was transferred to, or filed in, this MDL proceeding. (Id., Certificate of Service [Doc. No. 88-2 at 9-17].) Seeking discovery related to Plaintiffs' medical treatment, the interrogatories included an attached medical records disclosure authorization form. (Id. [Doc. No. 88-2 at 4, 7-8].) The NHL's interrogatories and Plaintiffs' responses are as follows:

> **INTERROGATORY NO. 1**: Identify all healthcare providers who have provided medical care to you for any condition since you began playing hockey at a competitive level (whether on an amateur or professional team). Such healthcare providers shall include, but are not limited to, physicians, physical therapists, chiropractors, practitioners of the healing arts, hospitals, clinics, surgery centers, healthcare facilities, physical therapy or rehabilitation centers, facilities at which radiographs (x-rays, ultrasounds, MRIs, CT scans) were taken of any part of your body and laboratories at which your blood was tested. As part of your answer, please identify the approximate date(s) on which treatment was provided and the condition(s) for which treatment was provided.
>
> **Objection**: Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and as seeking information not reasonably calculated to lead to the discovery of admissible information to the extent it seeks any medical information that is beyond the neurological injuries at issue in this litigation. Plaintiffs further object to this Interrogatory to the extent it lacks an appropriate temporal limitation.
> Subject to the Objections contained herein and the Federal Rules of Civil Procedure, the Named Plaintiffs in the operative Master Administrative Long-Form and Class Action Complaint are willing to produce relevant and responsive medical information related to the neurology and brain-related issues that are at issue in this litigation.
>
> **INTERROGATORY NO. 2**: Please sign and return the Limited Authorization To Disclose Health Information attached as Exhibit 1.
>
> **Objection**: Plaintiffs object to this Interrogatory to the extent it relates to a medical authorization that seeks access to medical information that is beyond the scope of that which is at issue in this litigation, such as "information relating to sexually transmitted disease, acquired

4

>immunodeficiency syndrome (AIDS), or human immunodeficiency virus
>(HIV)." The Named Plaintiffs in the operative Master Administrative
>Long-Form and Class Action Complaint will consent to sign an appropriate
>medical authorization that is reasonably tailored to the information at issue
>in this litigation.

(Pls.' Objs. to Def.'s First Set of Interrogs., Ex. 1 to Def.'s Mot. to Compel [Doc. No. 88-1 at 3-5].) Plaintiffs also generally object to the scope of the interrogatories to the extent that Defendant seeks responses from absent class member plaintiffs or other retired NHL players who are not Named Plaintiffs in the Master Complaint. (Id. [Doc. No. 88-2 at 3].)

The proposed authorization propounded by Defendant provides in relevant part:

>I, [the undersigned], hereby authorize you to release and furnish to: Skadden,
>Arps, Slate, Meagher & Flom and/or its designee copies of the following
>information: All medical records, including inpatient, outpatient, and
>emergency room treatment, all clinical charts, reports, documents,
>correspondence, test results, statements, questionnaires/histories, office and
>doctors' handwritten notes, and records received by other physicians. Said
>medical records shall include all information regarding AIDS and HIV
>status.

(Def.'s First Set of Interrogs., Ex. 2 to Def.'s Mot. to Compel [Doc. No. 88-2 at 7].)

Defendant argues that it is entitled to merits discovery at this time, and that discovery is appropriate with respect to all thirty Plaintiffs who have filed suit – not just the Named Plaintiffs. (Def.'s Mem. Supp. Mot. to Compel at 1 [Doc. No. 87].) As to Plaintiffs' contention that they should only be required to produce information relevant to neurology and brain-related issues, the NHL argues that Plaintiffs may not unilaterally determine the relevant portions of their respective medical histories. (Id. at 2.) Instead, the NHL contends that it is entitled to have "a complete picture of plaintiffs' medical

5

histories, which may reveal alternate causes for their alleged symptoms." (Id.)

Plaintiffs argue that Defendant is not entitled to limitless discovery, unrelated to Plaintiffs' injuries. (Pls.' Opp'n Mem. at 1-2 [Doc. No. 91].) Rather, Plaintiffs counter, offering to provide

> information on all medical providers who treated the six Named Plaintiffs for anything related to neurology or the head, including all neurologists, psychiatrists, psychologists, optometrists, ophthalmologists, or any other medical professional who may have treated a plaintiff for a head-related issue, including general practitioners of every variety.

(Id. at 2.) Plaintiffs also object to the apparently unlimited temporal scope of the requested information, and propose limiting the discovery of players' medical information to a period from age 15 to the present. (Pls.' Opp'n Mem. at 19 [Doc. No. 91].)

## II.   DISCUSSION

The discoverability of medical records is governed by the relevancy standard of Rule 26 of the Federal Rules of Civil Procedure, which authorizes parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information for purposes of discovery includes any information "reasonably calculated to lead to the discovery of admissible evidence." Id. While the federal rules contemplate liberal discovery, district courts possess considerable discretion in determining the need for, and form of, discovery; any such decisions are subject to an abuse-of-discretion standard of review. See Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 898-99 (8th Cir. 1978). District Courts are similarly granted considerable discretion in determining the necessity for and

scope of discovery on issues related to class certification. See Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1495 (5th Cir. 1993); Kamm v. California City Dev. Co., 509 F.2d 205, 209 (9th Cir. 1975).

As noted, Plaintiffs' objections to the scope of Defendant's interrogatories concern the number of Plaintiffs who are obliged to respond, the temporal scope, and the content of the requested information. The Court addresses these three issues in turn.

As to the number of Plaintiffs to whom Defendant's interrogatories may be directed, Plaintiffs argue that Defendant is only entitled to discovery concerning the six Named Plaintiffs identified in the Master Complaint, noting that the Master Complaint serves as the operative complaint in this matter. (Pls' Opp'n Mem. at 6 [Doc. No. 91].) The NHL, however, argues that the Master Complaint merely functions as an administrative device to expedite pretrial motions and discovery, but does not extinguish the claims in the underlying cases. (Def.'s Mem. Supp. Mot. to Compel at 5-6 [Doc. No. 87].) It is true that a master complaint operates in the place of individual complaints for pretrial purposes, but does not supersede them. See In re Wirebound Boxes Antitrust Litig., 128 F.R.D. 262, 264 (D. Minn. 1989). In fact, consistent with this understanding, Defendant has moved to dismiss the Master Complaint on preemption and Rule 12(b)(6) grounds aimed at the individual claims asserted by the six proposed class representatives. (See Def.'s Mots. to Dismiss [Doc. Nos. 37 & 43].) It is clear that in this litigation, the Master Complaint serves as the operative complaint.

Courts typically limit discovery to named plaintiffs or class representatives. See,

e.g., In re Qwest Commc'ns Int'l, Inc. Secs. Litig., 283 F.R.D. 623, 625 (D. Colo. 2005) (noting, in a putative class action, that non-lead plaintiffs are not generally subject to discovery); Mehl v. Canadian Pacific Ry., 216 F.R.D. 627, 631-32 (D. N.D. 2003) (finding no justification for compelling discovery from unnamed class members, and limiting discovery to the named plaintiffs in a putative class action); In re Lucent Tech., Inc. Secs. Litig., No. 2:00-CV-621, 2002 WL 32815233, at *1 (D. N. J. July 16, 2002) (stating, in an MDL class action that non-lead plaintiffs were to be treated as passive class members and were not subject to discovery); In re Folding Carton Antitrust Litig., 83 F.R.D. 260, 264 (D. Ill. 1979) (stating, "Named plaintiffs are always subject to discovery, while absent class members are not subject to discovery except under special circumstances.")

Also, where the discovery in question concerns medical records, this Court has permitted reasonable restrictions on such discovery. See, e.g., Jensen v. Astrazeneca LP, No. 02-CV-4844 (JRT/FLN), 2004 WL 2066837, at *1, 5 (D. Minn. Oct. 14, 2008) (affirming denial of motion to compel where plaintiff had produced a reasonable scope of medical records); Walker v. N.W. Airlines Corp., No. 00-CV-2604, 2002 WL 32539635, at *5 (D. Minn. Oct. 20, 2002) (permitting some medical records discovery related to plaintiff's claims).

At the Court's request, the parties submitted additional briefing regarding how other MDL transferee proceedings in this District have handled case-specific plaintiff discovery in cases involving class actions and mass tort/personal injury actions. The Court has reviewed the parties' submissions and attached exhibits, which reference discovery

procedures used in this District in several cases.[2] In addition to submitting various pretrial orders in those cases, the parties provided exemplar "Plaintiffs' Fact Sheets." (See, e.g., Pls.' Fact Sheet, In re Baycol Prods. Litig., 01-CV-1431 (MJD/JGL), Ex. 10 to Def.'s Mem. [Doc. No. 110-10 at 6-33].) These fact sheets contain detailed medical information regarding plaintiffs and are typically signed under penalty of perjury, similar to interrogatory responses. (See id. at 24.)

Consistent with other cases involving putative class actions, see, e.g., Mehl, 216 F.R.D. at 631-32, the Court limits initial discovery to the six Named Plaintiffs. If, however, Plaintiffs seek discovery of the NHL regarding a broader class of Plaintiffs who have filed suit, in the interests of parity, the Court will require the remaining 24 Plaintiffs who have brought suit but are "absent" putative class members to comply with Defendant's discovery requests.

As to the temporal scope of discovery, the NHL agrees to Plaintiffs' proposed limit of information from age 15 to the present. (Def.'s Reply Mem. at 2 [Doc. No. 95].) The Court likewise finds that this is a reasonable limitation.

Regarding the range of medical information encompassed by Defendant's

---

[2] The parties referred to the following proceedings in this District: In re Stryker Rejuvenate & ABG II Hip Implant Prods. Liab. Litig., 13-MD-2441 (DWF/FLN), In re Levaquin Prods. Liab. Litig., No. 08-MD-1943 (JRT), In re Mirapex Prods. Liab. Litig., No. 07-MD-1836 (JMR/FLN), In re Viagra Prods. Liab. Litig., 06-MD-1724 (PAM), In re Guidant Corp. Implantable Deibrillators Prods. Liab. Litig., 05-MD-1708 (DWF/AJB), In re Medtronic, Inc. Implantable Defibrillator Prod. Liab. Litig., No. 05-MD-1726 (JMR/AJB), In re St. Jude Medical, Inc., Silzone Heart Valves Prods. Liab. Litig., No. 01-MD-1396 (JRT/FLN), In re Baycol Prods. Litig., No. 01-MD-1431 (MJD/JGL).

interrogatories, Plaintiffs object to the discovery as impermissibly broad. (Pls.' Opp'n Mem. at 6, 19-20 [Doc. No. 91].) Plaintiffs contend that the discovery should be limited to medical providers, including general practitioners, who provided services related to the head or brain. (Id.) Plaintiffs also specifically object to language in the medical records authorization form that includes records regarding HIV, AIDS, and sexually transmitted diseases. (Id.)

While it is likely that the most relevant medical information in this concussion injury litigation will concern treatment of the head or brain, the Court recognizes that other medical conditions or treatment may also be relevant. The Court therefore orders the Named Plaintiffs to produce all of the requested information, going back to age 15, in response to Defendant's First Set of Interrogatories, with one caveat. While the parties cite contrasting authority regarding the discoverability of information concerning HIV, AIDS, or sexually transmitted diseases, cf. Agosto v. Trusswal Sys. Corp., 142 F.R.D. 118, 121 (E.D. Pa. 1992) (permitting discovery regarding plaintiff's HIV status in a products liability suit) with Sacramona v. Bridgestone/Firestone, Inc., 152 F.R.D. 428, 430-31 (D. Mass. 1993) (finding plaintiff's HIV status irrelevant to liability and therefore not discoverable), the Court finds that this highly-sensitive information is not relevant unless individual discovery later warrants the production of such information. Therefore, Plaintiffs need not produce HIV, AIDS, or sexually-transmitted disease medical information at this stage and Defendant shall provide a revised authorization form in accordance with this ruling. At a later time, however, with the proffer of the relevance to a

specific Plaintiff by a medical professional, the NHL may reassert its request for this information.  Accordingly, Defendant's motion to compel is granted in part, denied in part, and denied without prejudice in part.

Finally, in order to address Defendant's concerns about the need for more fulsome discovery of medical information which may be relevant to Plaintiffs' alleged injuries, and in anticipation of the need to acquire such medical information from other numerous Plaintiffs in the future, the Court directs the parties to meet and confer to develop an appropriate fact sheet for this litigation that addresses the Plaintiffs' medical histories, going back to age 15, consistent with this ruling.  The Court orders the parties to meet and confer about a schedule to begin to collect information, via a fact sheet, from Plaintiffs who have sued or expect to be a part of this litigation in advance of this Court's ruling on class certification.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Compel [Doc. No. 84] is **GRANTED IN PART, DENIED IN PART, AND DENIED WITHOUT PREJUDICE IN PART**;

2. Defendant's Motion for Leave to File a Reply [Doc. No. 94] is **GRANTED**; and

3. The parties shall meet and confer as set forth herein.

Dated:   March 16, 2015

                                                     s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Court Judge